**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JAIME LOPEZ-VAAL (01),**<br><br>**Defendant.** | **Case No. 22-20033-DDC-1** |

**MEMORANDUM AND ORDER**

Jaime Lopez-Vaal, proceeding pro se,[1] moves to vacate his sentence under 28 U.S.C. § 2255. Although he pled guilty to possessing methamphetamine, Lopez-Vaal argues that a jury should have determined the amount of methamphetamine he possessed before the court sentenced him. And he argues that his 228-month prison sentence is so excessive that it violates the Eighth Amendment. But Mr. Lopez-Vaal failed to raise these arguments in his direct appeal of that sentence, so they are procedurally barred.

## I. Background

In May 2024 Lopez-Vaal pleaded guilty to possessing, with intent to distribute, more than 50 grams of methamphetamine, thus violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Doc. 73 at 1; Doc. 1 at 2. The court found that, based on Lopez-Vaal's criminal history, the quantity of drugs in his possession, his acceptance of responsibility, and

[1] Lopez-Vaal proceeds pro se. The court construes his filings liberally and holds those filings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

other pertinent factors, Lopez-Vaal's Sentencing Guidelines range was 210 to 262 months imprisonment. Doc. 152 at 45. The court sentenced Lopez-Vaal to 228 months' imprisonment followed by five years of supervised release.[2] *Id.* at 56. Lopez-Vaal didn't appeal. *See* Doc. 138 at 7.

Nine months after sentencing, Lopez-Vaal filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 (Doc. 138). In that motion, Lopez-Vaal argues that the court's sentence violates the Fifth, Sixth, and Eighth Amendments to the United States Constitution. *Id.* The government filed a Response (Doc. 157) and Lopez-Vaal didn't file a Reply.

## II. Legal Standard

A prisoner in federal custody may move to vacate his sentence if it "was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (quotation cleaned up). The district court then must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). A

---

[2] While reviewing the record in this case, the court discovered a clerical error in the Statement of Reasons for Lopez-Vaal's sentence. Doc. 89. Instead of listing his total offense level as 33, the Statement of Reasons lists it as six. *Id.* at 1. That's obviously incorrect. The Presentence Investigation Report suggested an offense level of 39. Doc. 85 at 9. After sustaining some of Lopez-Vaal's objections to that offense level, the court calculated an offense level of 33 and orally announced this final calculation at the sentencing hearing. Doc. 152 at 45.

The court exercises its authority under Fed. R. Crim. P. 36 to modify the Statement of Reasons to match the court's unambiguous oral sentence. *See* Fed. R. Crim. P. 36; *United States v. Corey*, 999 F.2d 493, 497 (10th Cir. 1993) ("The proper remedy in this situation is for the district court to correct the error in the written judgment pursuant to Criminal Rule 36 . . . . [T]he court may correct the error . . . *sua sponte*."); 3 *Wright & Miller's Federal Practice & Procedure* § 641 (5th ed. 2026) ("Rule 36 is the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally."). The court also exercises its discretion to correct this clerical error—found only in the Statement of Reasons and not the Judgment—without notice to the parties. *See Wright & Miller* § 642 ("Notice is not mandatory but rests in the discretion of the court."). It thus directs the Clerk and the United States Probation Office to prepare and file an amended Statement of Reasons.

§ 2255 movant must allege facts that, if proven, would warrant relief from his conviction or sentence. *See In re Lindsey*, 582 F.3d 1173, 1175–76 (10th Cir. 2009). If the court finds for the prisoner, it "shall vacate and set the judgment aside" and discharge the prisoner, resentence him, or "grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. Analysis

Lopez-Vaal makes three constitutional arguments in his motion. *First*, he argues that his sentence violates the Fifth Amendment's Due Process Clause because it's based, in part, on the amount of methamphetamine Lopez-Vaal possessed, which wasn't proven beyond a reasonable doubt during a jury trial. Doc. 138 at 25. *Second*, Lopez-Vaal argues his sentence violates the Sixth Amendment for the same reason. *Id.* *Third*, Lopez-Vaal argues his sentence was so excessive that it violates the Eighth Amendment. *Id.* at 31–32.

But the government argues that Lopez-Vaal's claims are procedurally barred because he failed to raise them on a direct appeal of his sentence. Doc. 157 at 7. The court agrees. So, the court can't and won't consider the merits of Lopez-Vaal's arguments. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) ("[I]f the government raises procedural bar, the courts must enforce it[.]").

When a criminal defendant fails to raise an issue on direct appeal, he can't ordinarily raise that issue in a § 2255 proceeding. *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). In this situation, the court must dismiss the motion unless the movant establishes either (1) "cause excusing the procedural default and prejudice resulting from the error" or (2) that the court must consider the claim to prevent "a fundamental miscarriage of justice[.]" *Id.* The first exception requires a movant "to show some external objective factor—such as governmental interference, unavailability of the relevant factual or legal basis, or ineffective assistance of counsel—prevented him from raising the issue on direct appeal." *United States v. Torres-*

*Laranega*, 473 F. App'x 839, 842 (10th Cir. 2012). The second exception requires a movant to show "actual innocence," *id.*, or "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

Because Lopez-Vaal didn't appeal his sentence, his claims are procedurally barred unless he qualifies for an exception. *Cox*, 83 F.3d at 341. He doesn't. Even when construed liberally, Lopez-Vaal's motion fails to identify any "external objective factor" that "prevented him from raising the issue on direct appeal." *See Torres-Laranega*, 473 F. App'x at 842. And Lopez-Vaal doesn't establish his "actual innocence." *See id.* He argues the court should have imposed a lighter sentence, but he doesn't dispute his underlying guilt. His claim is thus procedurally barred, and the court must deny his motion. *See Cox*, 83 F.3d at 341. And an evidentiary hearing is unnecessary to decide this motion because the files in this case "conclusively show" Lopez-Vaal failed to raise his arguments in a direct appeal. *See* § 2255(b); Doc. 138 at 7.

## IV. Certificate of Appealability

Finally, Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation cleaned up). No reasonable jurist could find the court's conclusion here—that Lopez-Vaal's motion is procedurally barred—debatable or wrong. So, the court declines to issue a certificate of appealability.

## V. Conclusion

Lopez-Vaal's claims are barred because he failed to raise them on direct appeal, and he hasn't demonstrated that an exception to the procedural-default rule applies. The court thus dismisses his § 2255 motion and declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Lopez-Vaal's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 138) is dismissed as procedurally barred.

**IT IS FURTHER ORDERED THAT** Lopez-Vaal is denied a certificate of appealability.

**IT IS SO ORDERED.**

**Dated this 5th day of November, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**